# SUPERIOR COURT

Standard Tire & Rubber Co.
vs.                              No.46176
Samuel Waldman

RESCRIPT

BAKER, J.  Heard on defendant's motion for a new trial.

The jury returned a verdict for the plaintiff for $500, the ad damnum of the writ, the interest due on the plaintiff's claim as allowed by the jury bringing the verdict to that amount.

The plaintiff's action is based on a written guaranty, signed by the defendant, in which he guaranteed to the plaintiff company amounts due or which might thereafter become due to the plaintiff by reason of goods sold to the Co-operative Auto Supply Company or the Bliss Co-operative Supply Company.

The defendant's contention is that he is not liable under this instrument for the claim in question in any way, or, at most, if liable at all, only in the sum of $4.14 with interest, being the item of December 4, 1917, on the plaintiff's bill.

The defendant's claim is that the goods for which the plaintiff is seeking to recover from him were sold, if at all, to a corporation by the name of the Bliss Co-operative Auto Supply Company. He contends that this corporation is not mentioned in the guaranty and that the guaranty should be construed strictly according to its terms and that he is not liable.

The plaintiffs claims that the guaranty covers the accounts in question.

The facts show that the defendant, together with a Mr. Albert Bliss, did business as a partnership on Empire street in the city of Providence, under the name of the Co-operative Auto Supply Company. Mr. Bliss was the acting manager. About July, 1917, a corporation was formed by the defendant, Mr. Albert Bliss, and another Mr. Bliss under the name of the Bliss Co-operative Auto Supply Company, which did business in the same place where the partnership was.

The testimony shows that the guaranty in question and certain letters written in October, 1917, by the defendant to the plaintiff company were written and executed after the forming of this corporation, which went into the hands of a receiver in February, 1918.

The goods for which the plaintiff is seeking to hold the defendant liable were shipped in December, 1917, and January, 1918. Apparently from certain letters, dated the early part of December, 1917, the plaintiff's attention was first directed to the matter of the incorporation or the change of name. Mr. Bliss then wrote in substance that while they were incorporated in July, they had been using up old stationery and doing business under the partnership name. The plaintiff stated that it would have to ship goods to the Co-operative Auto Supply Company, viz.: the partnership, until the guaranty was corrected, and goods thereafter shipped were sent and received, according to the testimony, by the Co-operative Auto Supply Company.

The defendant argues very seriously that the plaintiff, having full knowledge of the facts on December 8, 1917, sent goods after that date at its own risk and that such accounts are not covered by the guaranty.

It seems to the court, however, that the more reasonable and fair construction of this correspondence is that the plaintiff, in order to protect itself and for that very purpose, shipped the goods under the name of the Co-operative Auto Supply Company.

The case went to the jury chiefly on the question as to whether the partnership, the Co-operative Auto Supply Company, continued to do business at the store on Empire street. There is in the case considerable testimony that it continued doing business after the corporation was organized and up to the time of the receivership.

The defendant did not make a very clear or satisfactory witness. He did say repeatedly, however, that as far as he knew the partnership continued to operate up to the time of the receivership.

Taking into consideration the fact that the guaranty itself and the letters of October, 1917, written by the defendant to the plaintiff, referring to the shipment of goods and the guaranty, all followed the creation of the corporation, it seems to the court reasonable to assume that the parties' intention was that the guaranty in question should cover both the accounts of the partnership and of the corporation and that through inadvertence the word "Auto" was omitted from the corporation name in the guaranty. Also, in the opinion of the court, the fair preponderance of the testimony shows that business continued to be done at the shop on Em-

pire street up to the time of the receivership both in the name of the corporation and in the name of the partnership, the individuals being practically identical.

The court realizes that a guaranty of this kind is construed strictly, but under the facts of this case, as revealed by the testimony, the court believes that the verdict of the jury is in accordance with the weight of the evidence. In the judgment of the court the verdict does substantial justice between the parties and responds to the true merits of the case.

Defendant's motion for a new trial is denied.

For Plaintiff: E. C. Stiness, D. H. Morrissey.

For Defendant: Harold Curtis, Wilson, Curtis & Churchill.